# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

**No. 96-30442**
**Summary Calendar**

_____

**REBECCA GILL, on behalf of Christopher Gill,**
**on behalf of Tyler Gill, Individually; BENNIE D. GILL,**
**on behalf of Christopher Gill, on behalf of Tyler Gill,**
**Individually and as Administrator;**

**Plaintiffs-Appellees,**

**ALLSTATE INSURANCE COMPANY,**

**Intervenor Plaintiff-Appellee,**

**versus**

**DONALD R. FISHER,**

**Defendant,**

**RAYTHEON COMPANY; BADGER DESIGN & CONSTRUCTORS, INC.,**

**Defendants-Appellants.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-673)
_____

January 13, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

This is an appeal from a judgment from a jury verdict in favor of the Plaintiffs, Rebecca T. Gill and Bennie D. Gill, individually and for their minor children, Christopher Gill and Tyler Gill, and against the Defendant, Raytheon Engineers & Constructors, Inc. d/b/a Badger Design & Constructors, Inc. The jury found Raytheon's employee, Donald R. Fisher, 100% at fault, and found Mrs. Gill completely innocent of fault. Raytheon appeals, but we find no reversible error.

The Gills' cause of action arose from a car accident that occurred on February 18, 1994. Mrs. Gill was driving just before noon along the left lane of a multi-lane highway. Her speed was about 50 m.p.h., the posted speed limit for that stretch of highway. Meanwhile, Fisher, an employee of Raytheon, was driving his employer's pick-up truck and turned right onto the highway from an intersection, crossed the right lane and entered the left or inside lane, ahead of Mrs. Gill's car. His speed was about 15 m.p.h. Mrs. Gill maintained her speed of 50 m.p.h. and crossed into the right lane after seeing that Fisher's pick up truck had crossed into the left lane. Fisher observed a fire off to the right and decided to turn into a private driveway at the right of the highway to investigate the fire. He made an abrupt turn to the right and when he had crossed most of the right hand lane, the front of Mrs. Gill's vehicle struck the right rear of Fisher's pick-up truck. Mrs. Gill was aware that the pick-up truck was driving very slowly and saw as she drew near the pick-up truck that Fisher was looking off to his right. Mrs. Gill was injured in the crash.

Defendant-Appellant Raytheon argues on appeal (1) that the evidence was insufficient to support the jury's finding that Fisher, the driver of Raytheon's pick-up truck, was 100% at fault; (2) that reasonable minds could not conclude from the evidence viewed in the light most favorable to the plaintiff that she did not also negligently cause the accident; and (3) that the trial judge erred

2

in refusing over Raytheon's objection to give a portion of Raytheon's requested charge No. 3, which attempted to define Mrs. Gill's actions as negligence proximately causing the accident.

In this diversity case, state law dictates what type of evidence should be produced while federal law governs the standard for sufficiency or insufficiency of the evidence. *Pagan v. Shoney's*, *Inc.*, 931 F.2d 334, 337 (5th Cir. 1991). Therefore, in the instant case "[t]he controlling federal standard of review is that, when all evidence is viewed in the light most favorable to the jury's verdict, we must affirm the verdict unless the evidence points 'so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at the contrary [conclusion]'" (citation omitted). *Id*.

Raytheon has wholly failed to meet this burden. Raytheon cites the Louisiana Highway Regulatory Act, L.R.S. 32:74, which states that the driver of a vehicle may overtake and pass upon the right of another vehicle on multiple lane highways under conditions that would allow this to be done in safety. Raytheon argues that Mrs. Gill clearly violated this provision. The evidence, taken in a light most favorable to Mrs. Gill, however, simply shows that Mrs. Gill, maintaining a constant speed, pulled into the right lane to avoid Fisher's pick-up truck, when Fisher suddenly made an unexpected right turn. Raytheon concedes that Fisher was negligent in making an improper right turn from the left lane in the path of overtaking traffic without giving a signal as required by L.R.S. 32:104. A reasonable and fair-minded juror could find that Fisher was wholly at fault. As for the denial of Raytheon's requested jury charge, this was simply a facile attempt to define Mrs. Gill's actions as negligent. This was a matter for the jury to decide. Furthermore, Raytheon has failed to cite any apposite case to support its contention that the trial judge erred in denying this jury charge.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.